# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 1, 2005

## STATE OF TENNESSEE v. JERRY L. SANDRIDGE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7119-C    Joseph H. Walker, III, Judge**

―――――――――

### No. W2004-01199-CCA-R3-CD  - Filed May 20, 2005

―――――――――

The defendant, Jerry L. Sandridge,[1] was convicted by a jury of two counts of aggravated robbery. On direct appeal, this Court modified one of the convictions to aggravated assault and remanded for re-sentencing.  State v. Franklin, 130 S.W.3d 789 (Tenn. Crim. App. 2003).  At a subsequent sentencing hearing, the trial court sentenced the defendant as a career offender to fifteen years in the Department of Correction.  In this appeal, the defendant presents the single issue of whether the trial court properly classified him as a career offender.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Thomas T. Woodall and James Curwood Witt, Jr., JJ., joined.

William Dan Douglas, Jr., for the appellant, Jerry L. Sandridge.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural Background

The facts as presented at the trial of the defendant and his co-defendant, Irvin Lee  Franklin, were summarized by this Court as follows:

―――――――――

[1] The policy of this Court is to address the defendant on direct appeal as his name is listed on the indictment. The indictments in this case are absent from the record, and the record lists the defendant's name as "Jerry Lorenzo Sandridge," "Jerry L. Sandridge," and "Jerry Lorenze Sandridge."  Consequently, this opinion will list the defendant's name as stated in Notice Of Appeal, "Jerry L. Sandridge."

On the morning of September 22, 2000, Howard Hutcherson was working behind the counter of the Amoco market in Ripley, Tennessee. He was working with Mary Jasani, one of the owners, who was behind the counter with him. Mr. Hutcherson testified that he had just looked at the clock and noticed that it was 7:10 when a black man came into the store brandishing a handgun and entered the area behind the counter where he and Ms. Jasani were. The armed man demanded all the money from the cash register and told Mr. Hutcherson to open the register. Mr. Hutcherson did so, and the man then took the money from the register and placed it in a plastic bag. The gunman then told Mr. Hutcherson and Mr. Jasani to go into the market's restroom. On his way to the restroom, Mr. Hutcherson saw another black man, who appeared to be the gunman's cohort. No one else was in the store.

Mr. Hutcherson and Ms. Jasani remained in the bathroom for a couple of minutes. When they emerged, the two black men were gone. Mr. Hutcherson called the police.

Franklin, 130 S.W.3d at 791. Based upon these facts, the defendant was convicted by jury of the aggravated robbery of both Hutcherson and Jasani. However, this Court modified one of the aggravated robbery convictions to aggravated assault and remanded the conviction for re-sentencing. Id. at 798.

While sentencing the defendant for the lesser offense of aggravated assault, the trial court stated:

The defendant was sentenced to ten years with the Department of Corrections [sic] in 1976 for robbery with a deadly weapon. In 1979 he was sentenced to TDOC for another ten years for robbery with a deadly weapon. He was released on parole in 1983. In 1994 he was sentenced to 35 years with TDOC for several convictions of robbery with a deadly weapon. He was released on parole at the time of the commission of these offenses of aggravated robbery with a deadly weapon for which he was sentenced. . . . [A]s a repeat violent offender he received a sentence of life without parole [for each aggravated robbery conviction].

However, aggravated assault is not one of those sentences for which he could be sentenced as a repeat violent offender. Therefore, having to be sentenced as a career offender, the Court sentences him to the 15-year sentence as a career offender, the Court finding that the defendant is being sentenced for a C felony, and under T.C.A. 40-35-108 he has more than six prior felony convictions of a Class A, B, or C and his conviction offense is a C.

The defendant now appeals the sentencing determination.

**Analysis**

The single issue presented in this appeal is whether the trial court properly classified the defendant as a career offender. Specifically, the defendant has construed Tennessee Code Annotated

section 40-35-108(b)(4) to argue that six of his prior convictions must effectively count as one and, thus, render him a persistent, rather than a career, offender.

When a criminal defendant challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* standard of review of the record with a presumption that the trial court's determinations are correct. Tenn. Code. Ann. § 40-35-401(d) (2003). However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the instant case, the presumption of correctness accompanies our *de novo* review because the record reflects that the trial court considered the sentencing principles and the relevant facts. Thus, as the Sentencing Commission Comments to section 40-35-401 provide, the burden is upon the defendant, as the appealing party, to show the impropriety of the sentence and overcome the presumption of correctness afforded to the trial court's action.

Tennessee Code Annotated section 40-35-108(a)(1) (2003) states that a career offender "is a defendant who has received . . . any combination of six (6) or more Class A, B, or C prior felony convictions, and the defendant's conviction offense is a Class A, B, or C felony." In classifying the defendant as a career offender pursuant to this section, the trial court reviewed the defendant's presentence report, which revealed eight convictions for armed robbery and one conviction for third-degree burglary. As evidenced in the presentence report, six of the prior armed robbery offenses were consolidated, each offense indicating a different event date but the same date of conviction, February 21, 1984.

Section 40-35-108(b)(4) provides:
Convictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours constitute one (1) conviction for the purpose of determining prior convictions; however, acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct.

The plain language of this section encompasses exception for felonies committed as part of a single "course of conduct within twenty-four (24) hours." The defendant's prior felonies in question do have a single conviction date, but stem from courses of conduct outside the twenty-four hour time frame. Therefore, pursuant to section 40-35-108(b)(4), these convictions are treated as six separate felony convictions. Moreover, the defendant's prior convictions of armed robbery clearly do not fall within the scope of section 40-35-108(b)(4) because, by nature, the convictions threaten bodily injury. Accordingly, this issue has no merit.

**Conclusion**

We affirm the judgment of the trial court.

_____

J.C. McLIN, JUDGE